UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| JAIME D. GUZMAN,<br><br>        Plaintiff,<br><br>      vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>        Defendant. | No. 1:14-CV-3058-LRS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 15) and the Defendant's Motion For Summary Judgment (ECF No. 18).

## JURISDICTION

Jaime D. Guzman, Plaintiff, applied for Title II Disability Insurance benefits (DIB) and Title XVI Supplemental Security Income benefits (SSI) on June 21 and April 29, 2010, respectively. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing and one was held on August 8, 2012, before Administrative Law Judge (ALJ) Virginia Robinson via video. Plaintiff, represented by counsel, testified at this hearing. Deborah LaPointe testified as a Vocational Expert (VE). On October 19, 2012, the ALJ issued a partially favorable decision finding the Plaintiff entitled to benefits as of November 1, 2011. The Appeals Council denied a request for review and the ALJ's decision became the final

///

**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT- 1**

decision of the Commissioner. This decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 52 years old. He has a GED and past relevant work experience as an automobile mechanic, tractor mechanic, parts clerk and diesel mechanic helper . Plaintiff alleges disability since January 11, 2010. His date last insured for DIB was September 30, 2012.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in not finding Plaintiff disabled as of January 11, 2010 by: 1) improperly discounting reviewing, examining and treating medical source opinions and 2) improperly discounting Plaintiff's credibility regarding his subjective pain complaints and claimed physical limitations.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker

proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has severe impairments which

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 4**

include status post ORIF left femur, left acromioclavicular arthrosis, left rotator cuff tear and obesity; 2) Plaintiff does not have an impairment or combination of impairments that meets or equals any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work except pushing and pulling with the left upper extremity is limited to occasional; he can occasionally climb ramps or stairs; he can never climb ladders, ropes or scaffolds; he can occasionally kneel, stoop, crouch, or crawl; no limitation on reaching with the right upper extremity and he can frequently reach with the left upper extremity, although overhead reaching with the left upper extremity is limited to occasional; he can frequently handle and finger; he must avoid concentrated exposure to workplace hazards such as dangerous machinery and unprotected heights; 4) Plaintiff's RFC prevents him from performing his past relevant work;  5) as of November 1, 2011, Plaintiff was disabled per Medical-Vocational Rule 202.02 (advanced age, limited or less education, and skilled or semi-skilled with skills not transferable); and 6) prior to November 1, 2011, Plaintiff could perform other jobs existing in significant numbers in the national economy, including ticket seller, cashier, and parking lot attendant.  Accordingly, the ALJ concluded the Plaintiff is not disabled.

**MEDICAL SOURCE OPINIONS**

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his condition. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996);  *Smolen v. Chater,* 80 F.3d 1273, 1285-88 (9th Cir. 1996); *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).  If

the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Lester,* 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *See Flaten*, 44 F.3d at 1463; *Fair*, 885 F.2d at 605. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the purpose of establishing if a claimant has a medically determinable impairment. 20 C.F.R. §§ 404.1513(a) and 416.913(a). Their opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. §§ 404.1513(d) and 416.913(d). An ALJ can reject opinions from these "other source[s]" by providing "germane" reasons for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

This is an unusual case where the ALJ did not affirmatively rely on the opinion of a treating or examining physician, or even a non-examining physician for that matter[1], in support of her RFC determination. Instead, in addition to finding the Plaintiff not entirely credible, the ALJ pointed out alleged shortcomings in the opinions of examining physician Marie Ho, M.D., and the opinions of treating nurse practitioners Kelli Campbell, ARNP, and Jessica Wynne, ARNP. (Tr. at pp. 23-28). Although the ALJ acknowledged in her decision that Plaintiff saw Gene L. Griffiths,

---

[1] In her written decision, the ALJ did not cite the statements of either non-examining physician Norman Stanley, M.D. (Tr. at p. 516) or single decision maker (SDM) Michael K. Daley (Tr. at pp. 489-90). Mr. Daley is not a medical source.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

M.D., for an orthopedic consultative examination on May 14, 2010, (Tr. at p. 25), she did not discuss his findings relative to the opinions of Dr. Ho and the nurse practitioners, especially as those opinions relate to Plaintiff's left shoulder impairment and his ability to reach with his left hand.  This failure is significant.

With regard to Plaintiff's left shoulder pain, Dr. Griffiths noted that Plaintiff had a recent MRI showing "a massive retracted cuff tear" involving "fatty degeneration of the muscle with the tendon retracted medial to the labrum well beyond 4 cm." (Tr. at p. 415).  Dr. Griffiths noted that Plaintiff had a "very limited active elevation of the shoulder to 60° and a very pronounced empty can test on the left." (*Id*.).  Plaintiff was told by Dr. Griffiths that surgery might offer him more of a partial repair than a complete repair. (*Id*.).  Because of the likelihood that surgery might not result in a complete repair, Plaintiff was reluctant to proceed with surgery and was told to "discuss this further with his primary care provider Jessica Wynne, ARNP." (*Id*.).  The severity of the tear of Plaintiff's rotator cuff was evidenced by Dr. Griffiths' comment that although he expected a partial repair to improve Plaintiff's condition and minimize the risk of further progression of the tear, "it would be a very painful surgery, with a very prolonged recovery and rehabilitation" and he most likely would continue to have considerable symptoms in his left shoulder with the possibility of additional procedures in the future. (*Id*. at pp. 415-16).  Dr. Griffiths' physical examination of Plaintiff's left shoulder prompted the doctor to comment that: "[Plaintiff] has very limited and painful active and passive motion at the left shoulder. He has mild pain and weakness external rotation and severe pain and weakness" on the supraspinatus with empty can testing. (*Id*. at 417).

If necessary, Dr. Griffiths provides the objective findings regarding Plaintiff's left shoulder which the ALJ claims were lacking in ARNP Wynne's March 25, 2010 evaluation wherein she opined that Plaintiff's shoulder pain was "severe" and that he was "severely limited" in his ability to perform basic work-related activities. (Tr. at pp. 409-14).  Moreover, Dr. Ho's objective findings are consistent with those of Dr.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7**

Griffiths, particularly in regard to there being a limited range of motion in Plaintiff's left shoulder. In her November 2010 assessment, Dr. Ho noted that Plaintiff would be limited to lifting 10 pounds because of his left shoulder and left leg (Tr. at p. 457) and that he "has problems reaching with his left hand, due to the pain in his left shoulder." (Tr. at pp. 454-55). She indicated that due to Plaintiff's left shoulder pain, restrictions on his manipulative activities would include reaching. A person limited to 10 pounds of lifting has the capacity for sedentary work (20 C.F.R. §404.1567(a) and §416.967(a)), but not for light work which requires the ability to lift up to 20 pounds (20 C.F.R. §404.1567(b) and §416.967(b)). Dr. Ho's assessment is therefore consistent with ARNP Campbell's opinion on January 11, 2010, that Plaintiff was limited to sedentary work (Tr. at p. 314), and with what ARNP Wynne opined on March 25, 2010. Like Dr. Ho, ARNP Campbell found a limited range of motion in Plaintiff's left shoulder. Neither Dr. Griffiths or Dr. Ho found that prior physical therapy which took place between February 9 and March 25, 2010 (Tr. at pp. 391-95) had improved the range of motion in Plaintiff's left shoulder. As discussed above, their findings indicated the contrary.

Because the ALJ did not refer to a physician's opinion which conflicted with the opinions of Drs. Griffiths and Ho, the ALJ was obliged to offer "clear and convincing reasons" for discounting the opinions of Drs. Griffiths and Ho. The ALJ offered no reasons for discounting Dr. Griffiths' opinions. It follows that because Dr. Griffiths' opinions are consistent with Dr. Ho's opinions, the ALJ did not offer "clear and convincing" reasons for rejecting Dr. Ho's opinions. And because the opinions of the nurse practitioners (Campbell and Wynne) are consistent with the opinions of Drs. Griffiths and Ho, the ALJ did not offer "germane" reasons for rejecting the opinions of the nurse practitioners.

///

///

///

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 8**

**CREDIBILITY**

An ALJ can only reject a plaintiff's statement about limitations based upon a finding of "affirmative evidence" of malingering or "expressing clear and convincing reasons" for doing so. *Smolen,* 80 F.3d at 1283-84. "In assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapeytan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). See also *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002)(following factors may be considered: 1) claimant's reputation for truthfulness; 2) inconsistencies in the claimant's testimony or between her testimony and her conduct; 3) claimant's daily living activities; 4) claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition)).

The ALJ did not offer "clear and convincing reasons" for discounting Plaintiff's credibility. For reasons discussed above, the opinions of Plaintiff's examining physicians and treating nurse practitioners are entirely consistent with his testimony about his physical limitations. As such, Plaintiff's ability to perform basic activities of daily living and his foregoing of narcotics pain medication are not "clear and convincing" reasons to discount his credibility. And his failure to use orthotics is adequately explained by his inability to pay for them. (Tr. at p. 590).

**CONCLUSION**

Substantial evidence does not support the ALJ's conclusion that from January 11, 2010, to November 1, 2011, Plaintiff had the RFC to perform light work. Rather, substantial evidence establishes that he was limited to sedentary work. Based on his age (closely approaching advanced age), education (limited or less), and previous work experience (skilled or semi-skilled with skills not transferable), Medical-

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9**

Vocation Rule 201.10 would direct a finding of "Disabled."[2]

Substantial evidence does not support the ALJ's conclusion that Plaintiff is capable of frequent reaching with his left hand. At the administrative hearing, the vocational expert testified that if Plaintiff were limited to occasional reaching with his left hand, that would eliminate all of the light unskilled jobs she identified. (Tr. at pp. 85-86). Accordingly, even if substantial evidence supported the ALJ's light exertion RFC determination, the record does not establish there are a significant number of light unskilled jobs in the national economy which the Plaintiff is capable of performing. In other words, the ALJ did not meet her burden at step five of the sequential evaluation process.

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 15) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 18) is **DENIED**. The Commissioner's decision denying benefits prior to November 1, 2011 is **REVERSED** and this matter is **REMANDED** to the Commissioner for payment of benefits based on a disability onset date of January 11, 2010.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this __17th__ of February, 2015.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

---

[2] If his educational level is high school or more, Rule 201.14 would still direct a finding of "Disabled."

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 10**